CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 19 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:12cv00056 |
| v. ) | |
| ) | |
| SHERIFF JOHN THOMAS, et al., ) | By: Michael F. Urbanski |
| ) | United States District Judge |
| Defendants. ) | |

## FINAL ORDER

This matter was referred to the Honorable James G. Welsh, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on February 26, 2013, recommending that the defendants' motion to dismiss be granted, that plaintiff's motions for summary judgment and for leave to file an amended complaint be denied, that this case be dismissed with prejudice and stricken from the active docket of the court, and that the facts and circumstances justify entry of a pre-filing injunction pursuant to 28 U.S.C. § 1651(a).[1]

Along with the report and recommendation, the magistrate judge entered an Order on February 26, 2013 denying each of plaintiff's numerous pending non-dispositive motions, among them a motion for emergency injunction (Dkt. # 4) and a motion to certify class and appoint class counsel (Dkt. # 27). Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge can only recommend a disposition as to a motion for injunctive relief and a motion to permit maintenance of a class

---

[1] A hearing was held before the magistrate judge on October 11, 2012 on defendant Sheriff John Thomas' motion to require pre-filing review, at which plaintiff was present, was apprised of the possibility of a pre-filing injunction and the basis therefor, and was given an opportunity to be heard. See Dkt. # 55. Plaintiff was also notified of the magistrate judge's recommendation that a pre-filing injunction be entered in the report and recommendation itself, to which plaintiff had an opportunity to object. See Field v. GMAC LLC, No. 2:08cv294, 2009 WL 6560222, at *8 (E.D. Va. Jan. 30, 2009).

action. Therefore, the court will construe the magistrate judge's rulings on these motions as recommended dispositions.

Plaintiff has filed objections to the report and recommendation.

The court has carefully reviewed the magistrate judge's report, the objections to the report, the pertinent portions of the record, and the relevant legal authority and, in so doing, made a de novo determination of those portions of the report to which the plaintiff objected. The court finds that the magistrate judge was correct in concluding that plaintiff's motions for summary judgment, for emergency injunction, to certify class and appoint counsel, and for leave to amend should be denied; that defendants' motion to dismiss should be granted; that this case should be dismissed with prejudice and stricken from the active docket of the court; and that a pre-filing injunction pursuant to 28 U.S.C. § 1651(a) is warranted. Accordingly, the court **ADOPTS** the magistrate judge's recommendation in its entirety.

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. Defendants' motion to dismiss (Dkt. # 9) is **GRANTED**;

2. Plaintiff's motion for summary judgment (Dkt. # 16) is **DENIED**;

3. Plaintiff's motion for emergency injunction (Dkt. # 4) is **DENIED**;

4. Plaintiff's motion to certify class and appoint counsel (Dkt. # 27) is **DENIED**;

5. Plaintiff's motion for leave to file an amended complaint (Dkt. # 26) is **DENIED**;

6. This matter is **DISMISSED with prejudice** and **STRICKEN** from the active docket of the court;

7. Defendant Sheriff John Thomas' motions to require pre-filing review (Dkt. # 11 & 40) are **GRANTED**;

8. A pre-filing injunction is **ENTERED** against Thomas L. Switzer as follows:

a. The Clerk of the Court is **DIRECTED** to refuse and not docket any new pro se filings submitted by Switzer in this district against Virginia state and local government entities, officials and employees, including but not limited to Page County officials and employees, before obtaining leave of court;

b. Leave of court will be granted only upon Switzer's submission of:

   i. a habeas corpus petition filed pursuant to 28 U.S.C. §§ 2241, 2254 or 2255; or

   ii. a properly filed pleading in which Switzer demonstrates that he is under imminent danger of serious physical harm or states claims that are not frivolous.

The Clerk is directed to send a certified copy of this Order to plaintiff and to counsel of record.

Entered: March 18, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge